IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>GEORGE S. LOUIE<br><br>        Debtor.<br>_____<br>DAVID WONG,<br><br>        Appellant,<br><br>     v.<br><br>GEORGE S. LOUIE,<br><br>        Appellee.<br>_____ | 2:12-cv-01172-GEB<br><br>BK Case No. 11-25036-C-7<br><br><br><br>ORDER AFFIRMING AWARD OF<br>ATTORNEY'S FEES |

      Appellant David Wong ("Appellant") appeals the Bankruptcy Court's award of $7,500 in attorney's fees to Keith Cable, the attorney of debtor and appellee George S. Louie ("Appellee"). (Appellant's Opening Brief ("Opening Brief"), ECF No. 13.) Appellee[1] opposes the motion. (Real Party in Interest's Brief in Opp'n ("Opp'n"), ECF No. 14.)

//

//

---

    [1] Appellant argues that "to the extent monetary penalties are available, the award should have gone to [Appellee] George Louie instead of Keith Cable. . . . 'It is settled that when a statute authorizes fees to a prevailing party, plaintiffs and not their attorneys own the fee cause of action.'" (Appellant's Reply ("Reply") 4:16-20 (quoting ALBA CONTE, ATTORNEY FEE AWARDS § 3:8).) This argument is addressed later in the Order, but since Cable's and Appellee's interests largely align in the context of this appeal, this Order adopts the use of "Appellee" to refer to statements and arguments made in opposition to Appellant.

# I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Bankruptcy Court made the following findings of fact and conclusions of law that are relevant to this appeal during a hearing held on March 6, 2012. (Excerpts of Record ("ER") 7-20, ECF No. 13-1.) Appellee's Chapter 7 bankruptcy case began on February 28, 2011, with the filing of an involuntary petition by Robert Carichoff, Elena Sadur, and Leslie Wolf, each of whom was represented by Appellant David Wong. (Id. 9:8-16.) "[F]or some . . . months beforehand, [Appellant] had been trying to take judgment debtor examinations [in] California superior courts." (Id. 9:22-10:1.) Appellant had been "continually frustrated by [Appellee], who repeatedly sought ways to defer and delay the judgment debtor examinations, often relying on medical appointments and requests for accommodation, which requests were regularly granted." (Id. 10:2-5.) Appellant attended a hearing regarding a judgment debtor's examination on March 3, 2011, in the Superior Court of California, County of Alameda ("Alameda Superior Court" or "Superior Court"), but he "did not mention to the Superior Court that he had caused to be filed an involuntary bankruptcy petition to the Superior Court." (Id. 10:10-14.) At "a subsequent hearing, apparently on March 7, [Appellant] says he did mention the petition, and Appellant called Mr. Cable [who represented Appellee] on or about March 9 . . . to tell him about filing the involuntary petition." (Id. 10:15-19.)

"The [S]uperior [C]ourt subsequently issued a bench warrant, and Mr. Cable was engaged [by Appellee] to get the bench warrant withdrawn, and that ultimately occurred. But before that could occur, [Appellant] Mr. Wong had filed a contempt request[,] which was postpetition that was filed on or following March 10, 2011, and the matter was set for a hearing on June 1, 2011." (Id. 10:20-25.) "The

2

bench warrant was ultimately vacated but after Mr. Cable had incurred considerable expense in representing [Appellee] Mr. Louie with respect to that." (Id. 11:1-4.)

Appellant's appearance in the Alameda Superior Court on March 3, 2011 was an act by Appellant to attempt to collect a judgment. (Id. 15:3-5.) The Bankruptcy Court "[was] persuaded as a matter of fact that [Appellant] was in a position that he could have stopped" the judgment debtor's examination and subsequent contempt request and hearing. (Id. 15:17-18.) "[Appellant]'s request for a judgment debtor examination . . . violate[d] the automatic stay." (Id. 16:3-5.) The Bankruptcy Court found that Appellant's actions were "a willful violation of the automatic stay." (Id. 16:11-12.)

The Bankruptcy Court found that "Cable was billing at $350 an hour for this kind of matter and he was put to about 30 hours of work in order to resolve the whole problem of the warrant," but further found "that 20 hours would have sufficed." (Id. 16:25-17:4.) The Bankruptcy Court awarded $7,500, "payable to Mr. Cable as the attorney for [Appellee] Mr. Louie, because the violation was willful within the meaning of 11 U.S.C. Section 362(k)(1)." (Id. 17:6-17:9.)

## II. ISSUES PRESENTED ON APPEAL

Appellant lists eleven issues in his Statement of Issues on Appeal, of which judicial notice is taken.[2] (Designation of Record, Statement of Issues on Appeal, and Notice of Ordering Transcripts

---

[2] A matter may be judicially noticed if it is "generally well known within the territorial jurisdiction of the . . . court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Taking judicial notice of this document is proper since "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010).

3


("Designation of Record" or "Statement of Issues on Appeal") 5:11-7:16, ECF No. 340 (Case No. 11-25036).) However, only three of the eleven issues are presented in Appellant's Opening Brief. (See Opening Brief 8:16-17, 13:5-6, 17:10-11.)

Since Appellant does not argue most of the issues raised in his Statement of Issues on Appeal, the issues presented in Appellant's Opening Brief will be analyzed rather than the issues listed in his Statement of Issues on Appeal, with one exception discussed at the end of this Order. Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir. 1986) ("The [appellate court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief and therefore we decline to consider any of [Appellants'] additional claims here." (citation omitted)).

The three arguments Appellant raises in his Opening Brief follow:

1) "11 USC [§] 342(g)(2) forbids imposing monetary penalties for automatic stay violations occurring prior to [the] order for relief being entered," (Opening Brief 8:16-17);
2) "The automatic stay of an involuntary [bankruptcy] petition arises upon [issue of the] order for relief," (id. 13:5-6);
3) "When the debtor is the plaintiff in the case, the automatic stay does not apply," (id. 17:10-11).

### III. LEGAL STANDARD

When considering an appeal of a bankruptcy court's ruling, a district court reviews the bankruptcy court's findings of fact under "a clearly erroneous standard" while "conclusions of law are reviewed de novo." Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000) (citing Feder v. Lazar (In re Lazar), 83 F.3d 306, 308

(9th Cir. 1996)); see Fed. R. Bankr. P. 8013. The bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "When factual findings are based on determinations regarding the credibility of witnesses, we give great deference to the bankruptcy court's findings, because [it] . . . had the opportunity to note 'variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985)). "This [C]ourt must accept the bankruptcy court's findings of fact unless upon review [it is] left with the definite and firm conviction that a mistake has been committed." In re Jan Weilert RV, Inc., 315 F.3d 1192, 1196 (9th Cir. 2003) (citing In re Banks, 263 F.3d 862, 869 (9th Cir. 2001)).

"Whether the automatic stay has been violated is an issue . . . review[ed] *de novo*." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2009) (citing Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1213 (9th Cir. 2002)). "'Whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error.'" Id. (quoting Eskanos & Adler, P.C., 309 F.3d at 1213). "A bankruptcy court's award of attorney fees is reviewed for abuse of discretion or erroneous application of the law." Dawson v. Wash. Mutual Bank, F.A. (In re Dawson), 390 F.3d 1139, 1145 (9th Cir. 2004).

"[The appellate court] 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" In re Jodoin, 209 B.R. 132, 143 (9th Cir. BAP 1997)

5

(quoting Miller, 797 F.2d at 738) (citing Meehan v. Cnty. of L.A., 856 F.2d 102, 105 n.1 (9th Cir. 1988)).

> This circuit has recognized three exceptions to this rule: in the exceptional case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process[;] when a new issue arises while appeal is pending because of a change in the law[;] or when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed[.] If one of the exceptions is applicable, we have discretion to address the issue.

Bolker v. Comm'r, 760 F.2d 1039, 1042 (9th Cir. 1985) (citations omitted) (internal quotation marks omitted) (citing United States v. Greger, 716 F.2d 1275, 1277 (9th Cir. 1983); United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir. 1983); United States v. Patrin, 575 F.2d 708, 712 (9th Cir. 1978)).

### IV. DISCUSSION

**A. Whether 11 U.S.C. § 342(g)(2) Prevented the Bankruptcy Court from Assessing a Monetary Penalty Against Appellant**

Appellant argues that "monetary remedies are not available [to Appellee] if the violation [of the automatic stay] is before [the entry of the] order for relief." (Appellant's Brief 10:4-5.) Appellant argues that "[t]he effect of the [involuntary bankruptcy] petition date and order for relief being entered on two different dates is this: Under 11 USC [§] 342(g)(2), during the gap period (the period between involuntary petition filing and the order for relief), no monetary penalties could be assessed." (Id. 10:19-11:2.) Appellant further argues that "[t]o uphold the $7500 order, this Court would be required to ignore 11 USC [§] 342(g)(2)." (Id. 12:7-8.) Appellant also argues that "creditors don't [sic] have notice of the order for relief if it is not entered." (Id. 12:14-15 (citing 11 U.S.C. § 102(6)).)

6

1         Appellee responds solely to the last of Appellant's arguments and argues that "11 U.S.C. § 342(g)(2) is inapplicable because the automatic stay arose from the filing of the involuntary petition and not upon the entry of the order for relief." (Opp'n 7:8-9.) Appellee further argues that "Appellant erroneously contends that 11 U.S.C. § 342(g)(2) insulates him from liability for violating the automatic stay because he never received notice from the Bankruptcy Court that an order of relief had been entered[,] . . . [and] his post-petition judgment collection activities did not violate the stay." (Id. 7:14-17.) Appellee does not address the gravamen of Appellant's argument, which is that whether or not Appellant violated the automatic stay, under 11 U.S.C. § 342(g)(2) the Bankruptcy Court could not assess a monetary penalty under 11 U.S.C. § 362(k)(1) against Appellant since the order for relief had not yet been entered.

          Nevertheless, since Appellant raises his argument regarding 11 U.S.C. § 342(g)(2) for the first time on appeal, it is not considered. Not only is there no mention of 11 U.S.C. § 342(g)(2) in the Bankruptcy Court's findings of fact and conclusions of law from which Appellant appeals, the only mention of this code section in the Excerpts of Record comes from a trial transcript in Case Number 11-02583, which is not the subject of this appeal. (See ER 7-20, 112-15.) Although a district court has discretion to address an appellant's argument raised for the first time on appeal, the exercise of such discretion is not warranted here. First, "Appellant failed to raise the issue in a timely manner in the appropriate forum of the [B]ankruptcy [C]ourt." In re Sheng, No. C-94-1236-VRW, 1996 WL 506922, at *6 (N.D. Cal. Aug. 30, 1996). Second, "[h]e has provided no reason why this argument could not have been made to the [B]ankruptcy [C]ourt." Id. Third, "[n]othing before the [C]ourt suggests

7

1  that the ordinary rule preventing the raising of issues for the first
2  time on appeal should be waived in this case to afford [Appellant] with
3  yet another bite at the apple." Id. (citing Se. Co. v. Se. Co., 868 F.2d
4  335, 339 (9th Cir. 1989); Woods v. Saturn Distrib. Corp., 78 F.3d 424,
5  430 (9th Cir. 1996); Bolker, 760 F.2d at 1042). Fourth, Appellant was
6  put on notice by the Clerk of Court's Opening Letter not to include a
7  document such as the referenced trial transcript excerpt in his Excerpts
8  of Record: "Parties should note that the designation of record under
9  [Federal Rule of Bankruptcy Procedure] 8006 is a necessary procedural
10 step in the prosecuting [of] an appeal and the parties may not later
11 include in their excerpts of record documents which have not been
12 designated." (Opening Letter 1 ¶ 3, ECF No. 2.) The excerpted trial
13 transcript does not appear in Appellant's Designation of Record, and
14 thus "may not later [be] include[d] in the[] excerpts of record." (Id.;
15 see Designation of Record 4:22–5:4.)

16         In addition to violating the explicit instructions in the
17 Opening Letter, the manner in which Appellant included the referenced
18 partial trial transcript in his Excerpts of Record of appears to be an
19 attempt to mislead the district court and the opposing party. (See ER
20 112-15.) Specifically, Appellant cites to the trial transcript from Case
21 Number 11-02583 in his Opening Brief in an apparent attempt to preserve
22 his 11 U.S.C. § 342(g)(2) argument on appeal.(Opening Brief 9:12–10:9
23 (citing ER 112-15).) However, that portion of the trial did not occur in
24 conjunction with Case Number 11-25036, and thus the trial transcript
25 excerpt is not properly considered as part of the record on appeal of a
26 decision made in Case Number 11-25036.

27         Further, because it appears unlikely that Appellant
28 inadvertently included an excerpt of the referenced trial transcript

from Case Number 11-02583 in his appeal of an order issued in Case Number 11-25036 since the Bankruptcy Court issued an order denying Appellant's motion to consolidate the two cases on February 21, 2012, a separate Order to Show Cause Regarding Sanctions will issue concerning this matter. (Civil Minute Order, Feb. 21, 2012; ECF No. 127 (Case No. 11-02583).)[3]

Since Appellant's argument based on § 342(g)(2)is not properly before this Court on appeal because it was not raised in the bankruptcy proceeding from which Appellant appeals, the Bankruptcy Court's decision on this issue is AFFIRMED.

**B. Whether the Automatic Stay of an Involuntary Bankruptcy Petition Arises upon Issue of the Order for Relief**

Appellant argues that "[a]lthough 11 USC [§] 362(a) indicates the automatic stay arises upon filing of the involuntary petition, In re Acelor, 169 B.R. 764 [(Bankr. S.D. Fl. 1994)], held the automatic stay in an involuntary petition arises upon order for relief. In re Benson[,] 33 B.R. 572 (Bankr. N.D. Oh. 1983)[,] held the same." (Opening Brief 13:12-15.) Appellant concedes, however, that "[t]he 9th Circuit has not resolved the question of when the automatic stay arises in involuntary petitions, so there is no binding authority this Court must follow. There is a split of authority in other circuits." (Id. 14:16-18.)

Appellee rejoins that "[a] plain reading of 11 U.S.C. § 362(a) provides that a stay arose at the time Appellant filed the involuntary bankruptcy petition under 11 U.S.C. § 303." (Opp'n 8:2-3.) Appellee

---

[3] Judicial notice is taken of this order since "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010); see Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of the docket in a related case).

argues that since the text of § 362(a) is "clear and unambiguous," its text "is to be regarded as conclusive unless there is 'a clearly expressed legislative intent to the contrary.'" (Id. 8:5, 8:7-8 (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 110 (1983), superseded by statute on other grounds, 100 Stat. 449 (1986) (quoting United States v. Turkette, 452 U.S. 576, 580 (1981))).) Further, Appellee cites to In re Wilkins Grain Co., 235 B.R. 647 (Bankr. E.D. Cal. 1999), for the proposition that "[t]he bankruptcy estate arising from an involuntary petition is automatically protected by a stay against, among other things, the enforcement of claims and liens." (Id. 9:12-13 (citing In re Wilkins Grain Co., 235 B.R. at 649 (citing 11 U.S.C. § 362(a)).) In addition, Appellee argues that several other courts "have adopted the majority position that the automatic stay applies equally upon the filing of an involuntary petition." (Id. 9:19-20 (citing Interpool Ltd. v. Certain Freights of the M/Vs Venture Star, Mosman Star, Fjord Star, Lakes Star, Lily Star, et. al., 878 F.2d 111, 112 n.4 (3d Cir. 1989); Equal Employment Opportunity Comm'n v. McLean Trucking Co., 834 F.2d 398, 398 (4th Cir. 1987); In re MortgageAmerica Corp., 714 F.2d 1266, 1273 (5th Cir. 1983); In re Bankvest Capital Corp., 2003 WL 1700978, at *6 (D. Mass. 2003); In re Pink Moon Enters., 444 B.R. 490, 491 (Bankr. S.D. Fla. 2011); In re Flores, 291 B.R. 44, 55-56 (Bankr. S.D.N.Y. 2003); In re Pieper, 202 B.R. 294, 297 (Bankr. D. Neb. 1996); In re Colonial Realty Co., 122 B.R. 1, 4 (Bankr. D. Conn. 1990)).)

> In relevant part, 11 U.S.C. § 362(a) prescribes as follows:
>
> A petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of[] the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or

>           could have been commenced before the commencement
>           of the case under this title, or to recover a claim
>           against the debtor that arose before the
>           commencement of the case under this title[.]

11 U.S.C. § 362(a) (emphases added). "The first and most important step in construing a statute is the statutory language itself." Vassallo v. Naiman, No. CIV. 2:11-2022 WBS, Bankr. L. Rep. P 82,215, 2012 WL 691783, at *4 (E.D. Cal. Mar. 2, 2012) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-44 (1984)). The statute's text is examined to "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). Here, a plain reading of the statute indicates that the automatic stay arises when "[a] petition [is] filed under section . . . 303." Id. This resolves the "particular dispute" in this case as to when the automatic stay arises. Robinson, 519 U.S. at 340. In an involuntary bankruptcy case, the automatic stay arises not upon issuance of the order for relief but upon filing of a petition under section 303. Therefore, the Bankruptcy Court is AFFIRMED on this issue.

**C. Whether When the Debtor Is the Plaintiff in a Case the Automatic Stay Does Not Apply**

Appellant argues that "Congress could have written 11 USC § 362(a) to stay all cases involving the debtor. Instead, it chose to stay only cases *against* the debtor and not those by him even though each can have adverse effects on the estate and other third party interests." (Opening Brief 17:12-15.) Appellant further argues that "[t]he debtor's status must be determined in accordance with its status at the time of the original proceeding." (Id. 17:19-20 (citing Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 61-62 (6th Cir. 1983).) Appellant contends that "there is no doubt [Appellee] George Louie is the plaintiff in the

11

RG07361866 lawsuit in Alameda Superior Court–the action complained of for stay violations." (Id. 18:6-8 (citing ER 100).)

Appellee argues that

> [t]he filing of an involuntary bankruptcy petition under 11 U.S.C. § 303 operates as an automatic stay under 11 U.S.C. § 362(a)(1) as to the commencement *or continuation* of pre-petition judicial proceedings against the debtor. For purposes of application of the automatic stay under 11 U.S.C. § 362(a), a single case may include several "actions or proceedings."

(Opp'n 11:9-12 (quoting Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995).) Appellee contends that "*who* filed the complaint is not dispositive of whether the case involves an action or proceeding against the debtor." (Id. 11:13-14 (citing Parker, 68 F.3d at 1137 (citing Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-06 (3d Cir. 1992)).) Appellee further contends "that Appellant's post-petition judgment collection activities were a continuation of pre-petition judgment collection proceedings brought *against* Appellee"; "after filing the subject involuntary petition–and despite his knowledge of these pending judgment collection hearings–Appellant continued his harang [sic] of Appellee on March 3rd (OSC hearing), 7th (hearing on request to continue debtor's exam), and 8th (debtor's exam). (Id. 11:19-20, 12:2-5; ER 109-10.)

Appellee further argues that "Appellant's post-petition actions also violated the stay under 11 U.S.C. § 362(a)(2) because they were designed to enforce a pre-petition judgment." (Id. 12:7-8.) Appellee contends that "it is undisputed that a pre-petition judgment was rendered against Appellee in August 2009 in the underlying Alameda Superior Court matter." (Id. 12:18-19 (citing Real Party in Interest's

12

Req. for Jud. Not. ("RJN"), Exs. A, B)[4]; ER 105 (listing under docket entry for 8/26/09: "Judgment Entered" and under docket entry for 8/28/09: "Amended Notice of Entry of Judgment Filed").) Appellee also argues that "'[t]hose taking post-petition collection actions have the burden of obtaining relief from the automatic stay.'" (Id. 12:16-17 (quoting In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992), superseded by statute on other grounds.) Appellee contends that "as the Bankruptcy Court correctly ruled, Appellant's post-petition appearances on March 3, 7 and 8, 2011 were acts to collect on that pre-petition judgment." (Id. 12:21-23 (citing ER 14:23-24, 15:3-5, 15:25-16:1).)

Appellant responds that Appellee's "argument [requires] the Court [to] ignore[] the fact [Appellee] George Louie filed an appeal and the appeal was allowed to go on post-petition because plaintiff debtor initiated the lawsuit." (Reply 1:10-12 (citing ER 116, ECF No. 20-2).) Appellant claims that Appellee's "appeal was allowed to go on post-petition." (Id. 1:11.) However, the remittitur upon which Appellant relies merely states "that the decision entered in [Case Number RG07361866] on February 01, 2011 has now become final." (ER 116.) The decision entered on February 1, 2011, which is attached to the remittitur filed on the Alameda Superior Court docket and of which

---

[4] Appellee requests that judicial notice be taken of thirteen (13) documents attached to its Request for Judicial Notice. (RJN 2:1-4.) "Materials from a proceeding in another tribunal are appropriate for judicial notice." Biggs, 335 F.3d at 915 n.3. Plaintiff does not oppose Appellee's request for judicial notice. However, only some of the documents of which Appellee requests judicial notice be taken are relied upon in this Order. As such, Appellee's request that judicial notice be taken of Exhibits A and B, as well as the docket in Case Number 11-25036-C-7, is granted. Appellee's remaining requests for judicial notice are denied.

judicial notice is taken,[5] states: "Appellant [Louie] having failed to procure the record on appeal within the time allowed or within any valid extensions of time, and having failed to show good cause for relief from default, the appeal filed December 23, 2010, is dismissed." (Remittitur Filed, 04/06/11, <u>Louie v. State Farm</u> (Case No. RG07361866).) The voluntary petition in Case Number 11-25036 was filed on February 28, 2011. (ER 2.) Appellant has offered no evidence of Appellee filing an appeal in Case Number RG07361866 after February 28, 2011. (<u>See</u> ER 110-11 (listing entries on Alameda Superior Court docket after February 28, 2011, none of which is an appeal).)

Therefore, nothing in the record undermines the following findings made by the Bankruptcy Court regarding Appellant's actions in Alameda Superior Court: "[Appellant] filed a contempt request[,] which was postpetition that was filed on or following March 10, 2011, and the matter was set for a hearing on June 1, 2011," (ER 10:23-25); "[Appellant] was in the business of trying to collect a judgment . . . in court on March 3," (<u>id.</u> 15:3-4); "I am persuaded as a matter of fact that [Appellant] was in a position that he could have stopped [the judgment debtor's examination]," (<u>id.</u> 15:17-18); "[T]here is no question in my mind that that violates the automatic stay," (<u>id.</u> 16:4-5); "The explanations that I heard from [Appellant about why his actions did not violate the stay] are wholly unconvincing on that part." (<u>Id.</u> 16:6-7). The Bankruptcy Court found that Appellant both "filed a contempt request" and was "trying to collect a judgment," (<u>id.</u> 10:23, 15:3-4), thus violating the automatic stay, which "'stops all collection

---

[5] Judicial notice is taken of this document since "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." <u>Biggs</u>, 334 F.3d at 915 n.3.

14

efforts.'" In re Bloom, 875 F.2d at 226 (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 54 (1978)). Under In re Bloom, "[Appellant was] not protected." Id.

For the stated reasons, Appellant has not demonstrated that the Bankruptcy Court's ruling was in error; the Court is not left with "the definite and firm conviction that a mistake has been committed" by the Bankruptcy Court. In re Jan Weilert RV, Inc., 315 F.3d at 1196. Thus, the Bankruptcy Court's ruling on this issue is AFFIRMED.

**D. Issues Not Raised in Appellant's Opening Brief**

In his Reply, Appellant raises two issues not raised in his Opening Brief: (1) "to the extent monetary penalties are available, the award should have gone to [Appellee] George Louie instead of Keith Cable," (Reply 4:16-17), and (2) "[t]he bankruptcy judge abused his discretion in awarding $7500 because the [B]ankruptcy [C]ourt's findings of fact only support 20 hours at $350 per hour, which equals $7000, not $7500." (Id. 4:14-16.) Appellee responds that "[s]ince there is no evidence before this Court that the fees awarded were an abuse of discretion or erroneous, the appeal must be denied." (Opp'n 15:6-7.)

**1) Whether the Attorney's Fees Should Have Been Awarded to Appellee**

Although Appellant did not make the argument that any monetary award should be paid to Appellee rather than Cable in his Opening Brief, he did list it as one of eleven issues in his Statement of Issues on Appeal.[6] (Statement of Issues on Appeal 7:5-6 ("Issue 9: The trial court awarded $7500 to Keith Cable. Should it have awarded the $7500 to George Louie instead?").) Further, given that "the issue presented is purely

---

[6] Judicial notice is taken of this document since "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." Biggs, 334 F.3d at 915 n.3.

15

one of law," the circumstances warrant an exception to the general rule not to consider issues not raised in Appellant's Opening Brief. In re Sheng, 1996 WL 506922, at *6. Thus, Appellant's argument will be considered, even though Appellant cited no law in support of his position.

In pertinent part, 11 U.S.C. § 362(k)(1) prescribes that "an individual injured by any willful violation of a stay provided by [§ 362] shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1). When "the Court finds that a willful violation of the automatic stay has occurred an award of actual damages to an individual debtor, including attorney's fees, is mandatory." In re Herron, No. 10-14105-PB7, 2012 WL 94559, at *4 (Bankr. S.D. Cal. Jan. 6, 2012) (emphasis added) (citing In re Ramirez, 183 B.R. 583, 589 (9th Cir. BAP 1995); In re Taylor, 884 F.2d 478, 482–83 (9th Cir. 1989)).

Here, the Bankruptcy Court's finding that Appellant "willful[ly] violat[ed] the automatic stay" mandated the Bankruptcy Court's "award of actual damages to [Appellee], including attorney's fees." In re Herron, 2012 WL 94559, at *4. However, the attorney's fees were not awarded to Appellee but were made "payable to Mr. Cable as the attorney for [Appellee] Mr. Louie." (ER 17:7-8.) Accordingly, the Court modifies the Bankruptcy Court's order to make the award of attorney's fees payable to Appellee rather than Cable, and, as modified, affirms the Bankruptcy Court's judgment. Cf. In re SK Foods, Nos. 2:12-CV-00940-JAM, 2:12-CV-00942-JAM, 2:12-CV-00943-JAM, 2012 WL 6698557, at *6 (E.D. Cal. Dec. 21, 2012) (affirming on appeal as modified amount of bankruptcy court's award of attorney's fees).

//
//

16

**2) Whether the Bankruptcy Court Abused Its Discretion in Awarding $7,500 Instead of $7,000 in Attorney's Fees**

Here, Appellant did not raise the issue of the Bankruptcy Court abusing its discretion in awarding $7,500 rather than $7,000 in either his Statements of Issues on Appeal or his Opening Brief. Instead, Appellant raised the issue for the first time in his Reply. (Reply 4:14-16.) None of the exceptions to the general rule cited in Bolker favor this Court's consideration of this argument, which was raised for the first time in Appellant's Reply, especially since Appellant included nothing in his Excerpts of Record to show that the Bankruptcy Court had abused its discretion in awarding $7,500 in attorney's fees. See Fed. R. App. P. 10(a)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). Therefore, Appellant's argument concerning the amount of attorney's fees awarded is deemed waived. Reviewing the Bankruptcy Court's award of attorney's fees for abuse of discretion and without having been provided evidence to contradict the amount of attorney's fees awarded, the Bankruptcy Court's order as to the amount of attorney's fees is AFFIRMED.

## V. CONCLUSION

For the stated reasons, the judgment of the Bankruptcy Court is AFFIRMED, with the modification that the attorney's fees are to be awarded to Appellee instead of Cable.

Dated: March 28, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge