UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>GEORGE S. LOUIE,<br>　　　　Debtor,<br>_____<br>DAVID WONG,<br>　　　　Appellant,<br>　　v.<br>GEORGE S. LOUIE,<br>　　　　Appellee. | No. 2:12-cv-01172-GEB<br><br>BK Case No. 11-25036-C-7<br><br>**ORDER REVERSING AWARD OF ATTORNEY'S FEES** |

　　　　Appellant moves under Federal Rule of Bankruptcy Procedure 8015 for reconsideration of the portion of the District Court's order filed on March 28, 2013, which affirmed the Bankruptcy Court's ruling requiring Appellant to pay $7,500 in attorney's fees incurred as a result of Appellant's willful violation of the automatic bankruptcy stay. (ECF No. 24.) In their respective appellate briefs, the parties dispute whether 11 U.S.C. § 342(g)(2) stripped the Bankruptcy Court of its power to impose this attorney's fees monetary penalty under 11 U.S.C. § 362(k), the sole authority on which the parties argue the Bankruptcy Court relied. This issue was not decided because the

1

District Court concluded that Appellant failed to preserve the issue for appeal. However, Appellant has shown in his reconsideration motion that the issue was preserved for appeal. Therefore, Appellant's motion for reconsideration is granted. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(stating in pertinent part that a court should grant a motion for reconsideration when it "committed clear error").

## I. LEGAL STANDARD

The Bankruptcy Court's interpretation of 11 U.S.C. § 342(g)(2) is a matter of law "reviewed de novo." See Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000) (citing In re Lazar, 83 F.3d 306, 308 (9th Cir. 1996)). Further, "[f]or a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." Cunningham v. Cnty. of L.A., 869 F.2d 427, 436 (9th Cir. 1988) (quoting McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987)).

## II. DISCUSSION

Appellant argues the Bankruptcy Court's award of attorney's fees for violating the automatic stay is proscribed by 11 U.S.C. § 342(g)(2) because any violation occurred before the order for relief had been entered. (Appellant's Opening Brief 10:20-11:2, ECF No. 13.)

11 U.S.C. § 342(g)(2) prescribes:

> A monetary penalty may not be imposed against a creditor for a violation of a stay in effect under section 362(a)(including a monetary penalty imposed under section 362(k)) . . . unless the conduct that is the basis of the violation or of such failure occurs after such creditor receives notice

effective under this section of the order for relief.

Appellant's conduct, for which the parties agree the Bankruptcy Court imposed the attorney's fees monetary penalty under § 362(k), occurred after the involuntary bankruptcy petition was filed on February 28, 2011, and before "the order for relief" issued on March 30, 2011. However, the plain language of the statute prohibited the Bankruptcy Court from imposing the attorney's fees monetary penalty under § 362(k). See <u>Gray v. Preferred Bank</u>, No. 09-cv-2025 DMS (CAB), 2010 WL 3895188, at *4 (S.D. Cal. Sept. 30, 2010) (holding that under § 342(g)(2) "no monetary penalty monetary penalty may be imposed" for "alleged misconduct" that "occurred during the 'gap' period" between the filing of an involuntary bankruptcy petition and entry of an order for relief).

Therefore, the Bankruptcy Court's award of attorney's fees is REVERSED. In light of this reversal, the issues decided in the March 28, 2013, order should not have been decided. Hence, that order is VACATED.

Dated: November 8, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge